# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LUCAS MCLAUGHLIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-1259** |
| **SANDY MCCAIN, WARDEN** | **SECTION "G"(4)** |

## ORDER AND REASONS

Before the Court are Petitioner Lucas McLaughlin's ("Petitioner") objections[1] to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[2] Petitioner, a state prisoner incarcerated in the Dixon Correctional Center in Jackson, Louisiana, filed a petition pursuant to 28 U.S.C. § 2254, contending that he received ineffective assistance of counsel during his state criminal prosecution, which resulted in Petitioner entering a plea of guilty to a second degree battery charge.[3] The Magistrate Judge recommends that the Court dismiss the petition on the merits for failing to state a viable ineffective assistance of counsel claim,[4] and Petitioner objects to the recommendation.[5] After reviewing the petition, the Magistrate Judge's Report and Recommendation, the relevant pleadings, the state court record, and the applicable law, the Court will overrule Petitioner's objections, adopt the Magistrate Judge's Report and Recommendation, and dismiss Petitioner's habeas corpus petition with prejudice.

---

[1] Rec. Doc. 20.

[2] Rec. Doc. 17.

[3] Rec. Doc. 6.

[4] Rec. Doc. 17.

[5] Rec. Doc. 20.

## I. Background

### A.    *Factual Background*

On May 24, 2011, while serving a fifteen-year sentence for a separate conviction at the B.B. "Sixty" Rayburn Correctional Center, Petitioner was involved in a fight with another inmate, Melvin Stout.[6] On July 18, 2011, Petitioner was charged by Bill of Information with second degree battery.[7] Petitioner initially entered a plea of not guilty to the charge.[8] However, on November 14, 2012, Petitioner entered a plea of guilty pursuant to a plea agreement reached with the State.[9] The state trial sentenced Petitioner to three years in prison to run consecutive to the sentence he was then serving with credit for time served.[10]

On December 6, 2012, Petitioner filed several motions to set aside his plea of guilty, claiming he "did not freely and voluntarily plead guilty."[11] The trial court denied the motion without stated reason on December 17, 2012.[12] On January 31, 2013, Petitioner filed an untimely writ application to the Louisiana First Circuit Court of Appeal.[13] The Court of Appeal denied the writ application on April 8, 2013, due to Petitioner's failure to include documents relevant to his motion to withdraw plea.[14] Petitioner did not seek review of the Court of Appeal ruling.

---

[6] State Rec., Vol. I of II, Trial Court Order and Reasons at 10, October 14, 2013.

[7] State Rec., Vol. I of II, Bill of Information.

[8] State Rec., Vol. I of II, Minute Minutes, July 18, 2011.

[9] State Rec., Vol. I of II, Plea Minutes, November 14, 2012.

[10] *Id.*

[11] State Rec., Vol. I of II, Motion to Set Aside Plea of Guilty, December 11, 2012.  Rec. Doc. 6-1 at 65–66.

[12] State Rec., Vol. I of II, Order, December 17, 2012.

[13] State Rec., Vol. II of II, Writ Application, 2013-KW-0203, filed February 1, 2013.

[14] *State v. McLaughlin*, 2013-KW-0203 (La. App. 1 Cir. 4/8/13). State Rec., Vol. I of II.

On June 6, 2013, Petitioner submitted an application for post-conviction relief to the state trial court alleging ineffective assistance of counsel.[15] On July 24, 2013, Petitioner also filed a motion seeking to have his sentences run concurrently rather than consecutively.[16] The state trial court denied Petitioner's sentencing motion without stated reason on September 5, 2013,[17] and denied Petitioner's post-conviction relief application with stated reason on October 14, 2013.[18]

On March 24, 2014, the Louisiana First Circuit Court of Appeal denied Petitioner's writ application related to the denied post-conviction application.[19] Petitioner requested a rehearing, which was denied without stated reason on April 29, 2014.[20] The Louisiana Supreme Court denied Petitioner's related writ application on March 13, 2015, without stated reasons.[21]

On March 23, 2015, Petitioner filed a motion with the state trial court seeking again to withdraw his guilty plea on the grounds that his prison sentencing records did not reflect credit for time served.[22] The trial court denied the motion on May 22, 2015, finding that Petitioner had failed to exhaust his administrative remedies pursuant to La. Rev. Stat. Ann. § 15:1171 *et seq.*[23]

---

[15] State Rec., Vol. I of II, Application for Post-Conviction Relief, filed June 18, 2013.

[16] State Rec., Vol. I of II, Motion Requesting Concurrent Sentence, July 24, 2013.

[17] State Rec., Vol. I of II, Trial Court Order, September 5, 2013.

[18] State Rec., Vol. I of II, Trial Court Order and Reasons, October 14, 2013.

[19] *State v. McLaughlin*, 2013-KW-1992 (La. App. 1 Cir. 3/24/14). State Rec., Vol. II of II.

[20] *State v. McLaughlin*, 2013-KW-1992 (La. App. 1 Cir. 4/29/14). State Rec., Vol. II of II.

[21] *State ex rel. McLaughlin v. State*, 2014-KH-1131 (La. 3/13/15). State Rec., Vol. II of II.

[22] State Rec., Vol. I of II, Motion to Withdraw Guilty Plea, March 26, 2015.

[23] State Rec., Vol. I of II, Order, May 22, 2015.

Petitioned filed the instant federal habeas petition in this court on June 15, 2015, arguing that he received ineffective assistance of counsel.[24]  The State filed a response, arguing that the petition was untimely and also fails on the merits.[25]

## B.      Report and Recommendation Findings

On November 20, 2015, the Magistrate Judge issued a Report and Recommendation, recommending that the Court deny the petition on the merits.[26] The Magistrate Judge rejected the State's argument that Petitioner's request for rehearing in the Louisiana Fourth Circuit was not properly filed thereby causing his subsequent Louisiana Supreme Court writ to be untimely filed.[27] The Magistrate noted that the Louisiana First Circuit did not refuse to consider the request for rehearing on procedural grounds, but rather denied the request without stated reasons.[28] Because Petitioner timely sought Louisiana Supreme Court review after his rehearing request was denied, the Magistrate Judge found that Petitioner's federal limitations period remained tolled until the Louisiana Supreme Court denied relief on March 13, 2015.[29] Accordingly, the Magistrate found that the April 13, 2015 federal habeas petition was timely filed.[30]

Moving on to the merits of Petitioner's claims, the Magistrate noted that Petitioner alleged that he received ineffective assistance of counsel in connection with his guilty plea when counsel failed to investigate, gather witnesses, witness statements, and crucial impeachment and

---

[24] Rec. Doc. 6.

[25] Rec. Docs. 15, 16.

[26] Rec. Doc. 17.

[27] *Id.* at 6.

[28] *Id.*at 7.

[29] *Id.*

[30] *Id.*

exculpatory materials to support his self-defense theory.[31] The Magistrate noted that Fifth Circuit precedent establishes that a petitioner cannot show prejudice for counsel's alleged failure to investigate without adducing evidence of what the investigation would have shown.[32] Here, Petitioner presented an eyewitness affidavit from another inmate stating that Marvin Stout had a handmade knife that he planned to use on Petitioner.[33] However, the Magistrate noted that the state trial court discredited the affidavit, which was not notarized.[34] The Magistrate Judge emphasized that counsel conducted open file discovery of all of the materials in the possession of the State, which included reviewing a video recording of the actual fight between Petitioner and Stout.[35] Only after viewing the video, which the trial court concluded did not support Petitioner's claim of self-defense, did defense counsel advise Petitioner to enter a plea agreement.[36]  Moreover, the Magistrate noted that Petitioner did not point to any tangible or credible exculpatory information that counsel could have obtained from further investigation.[37]

Petitioner also argued that his counsel caused his motion for a preliminary hearing to be withdrawn, which denied him the opportunity to call witnesses.[38] However, the Magistrate found

---

[31] *Id.* at 9, 13.

[32] *Id.*at 13 (citing *Diaz v. Quarterman*, 239 F. App'x 886, 890 (5th Cir. 2007); *Moawad v. Anderson*, 143 F.3d 942, 948 (5th Cir. 1998); *Brown v. Dretke*, 419 F.3d 365, 375 (5th Cir. 2005)).

[33] *Id.* at 14.

[34] *Id.*

[35] *Id.*

[36] *Id.*

[37] *Id.*

[38] *Id.* at 10.

that counsel's review of the record and determination that entry of a guilty plea was the best outcome negated the need to pursue such motions.[39]

Petitioner further alleged that he was forced to accept the plea agreement to avoid a higher sentence because counsel did not prepare a defense, and counsel misrepresented the plea agreement leaving Petitioner to believe that he would receive credit for time served which would not increase his time in jail.[40] The Magistrate noted that the sentencing transcript reflects that Petitioner was informed that his sentences would run consecutively, and he was granted credit for time served.[41] The Magistrate noted counsel was not responsible for sentencing calculations made by the Louisiana Department of Corrections.[42] The Magistrate found nothing in the record to support Petitioner's argument that he was promised or led to believe that the entire three year sentence would be completed contemporaneously with the sentence he was already serving.[43] The Magistrate also noted that in the plea agreement the State agreed not to charge Petitioner as a multiple offender, which may have increased his sentence to life imprisonment without benefit of parole.[44] Therefore, although Petitioner alleged that he would have chosen to go to trial had he known that he would spend any additional time in jail, the Magistrate found that Petitioner had not proven prejudice resulting from counsel's actions or advice regarding entry of the guilty plea.[45]

---

[39] *Id.* at 14.

[40] *Id.* at 10.

[41] *Id.* at 15.

[42] *Id.*

[43] *Id.*

[44] *Id.* at 16.

[45] *Id.*

Accordingly, the Magistrate found that the state court's denial of relief on Petitioner's ineffective assistance of counsel claims was not contrary to or an unreasonable application of federal law.[46]

## II. Objections

### A.      Petitioner's Objections

Petitioner raises three objections to the Magistrate Judge's Report and Recommendation.[47] First, Petitioner asserts that the Magistrate Judge did not appreciate that Petitioner's counsel failed to investigate his self-defense theory, which he contends was supported by five witnesses.[48] Petitioner contends that had counsel pursued the self-defense theory there was a reasonable probability that he would have been acquitted.[49] Second, Petitioner argues that the Magistrate Judge erred in rejecting his claim that counsel misrepresented the parameters of his sentence because counsel erroneously informed him that he would receive credit for time served when he was statutorily required to serve his sentence "day for day."[50] Third, Petitioner asserts that the Magistrate Judge erred in concluding that Petitioner gained the benefit of avoiding a life sentence by entering a plea of guilty rather than going to trial because he was only a second offender and would not have been exposed to a life sentence.[51]

---

[46] *Id.*

[47] Rec. Doc. 20.

[48] *Id.* at 4.

[49] *Id.*

[50] *Id.* at 4–5.

[51] *Id.* at 5–6.

**B.**     ***State's Response***

The State of Louisiana did not file a brief in opposition to Petitioner's objections despite receiving electronic notice of the filing.

### III. Standard of Review

**A.**     ***Review of the Magistrate Judge's Report and Recommendation***

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. A District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[52] The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to." A District Court's review is limited to plain error of parts of the report which are not properly objected to.[53]

**B.**     ***Standard of Review Under the AEDPA***

Following the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the standard of review used to evaluate issues presented in habeas corpus petitions was revised "to ensure that state-court convictions are given effect to the extent possible under law."[54] For questions of fact, federal courts must defer to a state court's findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[55] A state court's determinations on mixed questions of law and fact or pure issues of law, on the other hand, are to be upheld unless they are "contrary to, or involve[ ] an

---

[52] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[53] *See Douglas v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[54] *Bell v. Cone*, 535 U.S. 685, 693 (2002).

[55] 28 U.S.C. § 2254(d)(2).

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[56]

Regarding this standard, the U.S. Court of Appeals for the Fifth Circuit further explains:

A state court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the Supreme Court's cases. A state-court decision will also be contrary to clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. A state-court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case.[57]

If Supreme Court case law "give[s] no clear answer to the question presented, let alone one in [the petitioner's] favor, 'it cannot be said that the state court unreasonably applied clearly established Federal law.'"[58] Additionally, "unreasonable is not the same as erroneous or incorrect; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable."[59]

## IV. Law and Analysis

### A.    *Applicable Law*

Petitioner raises two ineffective assistance of counsel claims. The first claim centers on the alleged failure of Petitioner's trial counsel to properly investigate the facts and circumstances of the case.[60] Specifically, McLaughlin contends that his counsel failed to interview key witnesses,

---

[56] 28 U.S.C. § 2254(d)(1).

[57] *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir. 2010) (internal citations and quotation marks omitted).

[58] *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (quoting *Carey v. Musladin*, 549 U.S. 70, 77 (2006)).

[59] *Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir. 2011) (internal quotation marks omitted).

[60] *See* Rec. Doc. 6-1 at 8.

withdrew many of the motions that Petitioner had filed pro se, and otherwise failed to properly develop Petitioner's self-defense theory.[61] The second claim centers on alleged misrepresentations about Petitioner's plea agreement and subsequent sentencing. Specifically, Petitioner contends that he was led to believe by his counsel that he would receive credit for time served and also receive credit for good behavior, but he is in fact ineligible for both under Louisiana law.[62] Petitioner claims he never would have agreed to plead guilty had he known Louisiana law barred him from obtaining credit for time served and good behavior.[63] The Magistrate Judge found both of these claims unavailing, and Petitioner objects to that determination. Accordingly, the Court will review this issue de novo.

To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced his defense.[64] If a court finds that a petitioner fails on either of these two prongs it may dispose of the ineffective assistance claim without addressing the other prong.[65]

To satisfy the deficient performance prong, a petitioner must overcome a strong presumption that the counsel's conduct falls within a wide range of reasonable representation.[66] Petitioner must show that the conduct was so egregious that it failed to meet the constitutional minimum guaranteed by the Sixth Amendment.[67] Courts addressing this prong of the test for

---

[61] *Id.* at 8–10.

[62] *Id.* at 10–11.

[63] *Id.*

[64] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

[65] *Id.* at 697.

[66] *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Matheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

[67] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).

ineffective counsel must consider the reasonableness of counsel's actions in light of all the circumstances.[68]

To prevail on the actual prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[69] A reasonable probability is "a probability sufficient to undermine confidence in the outcome."[70] Where a petitioner challenges the voluntariness of his guilty plea on the grounds of ineffective assistance of counsel, the petitioner must establish that but for counsel's alleged error, the petitioner "would not have pleaded guilty but would have insisted upon going to trial."[71] "This assessment will turn partially on a prediction of what the outcome of a trial might have been."[72]

As the record shows, the state trial court identified the governing legal standard found in *Strickland* and applied it to Petitioner's ineffective assistance of counsel claims.[73] In considering Petitioner's claims on federal habeas corpus review that are repetitive of claims already made to a state court, the central question "is not whether a federal court believes the state court's determination under *Strickland* was incorrect but whether [it] was unreasonable—a substantially higher threshold."[74] In addition, "because the *Strickland* standard is a general standard, a state

---

[68] *See Strickland*, 466 U.S. at 689.

[69] *Id.* at 694.

[70] *Id.*

[71] *See Ward v. Dretke*, 420 F.3d 479, 487 (5th Cir. 2005).

[72] *Id.* (internal quotation omitted).

[73] State Rec., Vol. I of II, Trial Court Order and Reasons, October 14, 2013.

[74] *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 478 (2007)).

court has even more latitude to reasonably determine that a defendant has not satisfied that standard."[75] Thus, this standard is considered "doubly deferential" on habeas corpus review.[76]

**B.** *Analysis*

**1.** **Failure to Investigate**

Petitioner objects to the Magistrate Judge's determination that the state court did not err in finding that counsel was not constitutionally deficient in failing to investigate the circumstances and facts of Petitioner's case. Specifically, Petitioner argues that his counsel failed to investigate his self-defense theory. Petitioner contends that he provided his counsel with an affidavit of another inmate, Nicholas Jarell, attesting that he saw Melvin Stout with a knife and was told by Stout that he planned to stab Petitioner. Petitioner also argues that he gave his counsel the names of four other inmates, who could support his self-defense theory, but counsel never contacted them.

To succeed on a failure to investigate claim a petitioner "must allege with specificity what the investigation would have revealed and how it would have altered the outcome of trial."[77] The Fifth Circuit has recognized that "[a] petitioner cannot show prejudice with respect to a claim that counsel failed to investigate and present mitigating evidence without adducing what the investigation would have shown."[78]

Here, the state trial court found that Petitioner's counsel conducted open file discovery and watched the video recording of the actual fight between Petitioner and Stout.[79] The state trial court also found that counsel reasonably advised Petitioner to accept a plea agreement after reviewing

---

[75] *Id.*

[76] *Id.*

[77] *Moawad v. Anderson*, 143 F.3d 942, 948 (5th Cir. 1998).

[78] *Diaz v. Quarterman*, 239 F. App'x 886, 890 (5th Cir. 2007) (citing *Strickland*, 466 U.S. at 696).

[79] State Rec., Vol. I of II, Order and Reasons at 4, October 14, 2013.

these discovery materials.[80] Therefore, the record demonstrates that counsel did in fact investigate the case and engage in discovery. After investigating the case, counsel recommended that Petitioner accept the plea offer, wherein the State agreed not to charge Petitioner as a multiple offender, lessening the sentence that Petitioner would have faced had he gone to trial. Petitioner's self-defense argument rested entirely on one affidavit of a fellow inmate that was not properly notarized.[81] Petitioner points to no credible, exculpatory information that counsel could have obtained from further investigation or from contacting the other inmate witnesses. Therefore, Petitioner has not established that his counsel's performance was deficient or prejudicial. Accordingly, on de novo review, the Court finds that the state court's denial of relief on this claim was not contrary to or an unreasonable application of federal law.

### 2.      Misrepresentation of Plea Agreement and Sentence

Petitioner also claims that he received ineffective assistance of counsel due to counsel's misrepresentation that he would receive a significant reduction in his overall sentence by receiving credit for time served. The Magistrate rejected this argument, and Petitioner objects, asserting that counsel erroneously informed him that he would receive credit for time served when he was statutorily required to serve his sentence "day for day." Petitioner also argues that the Magistrate Judge erred in concluding that Petitioner gained the benefit of avoiding a life sentence by entering a plea of guilty rather than going to trial because he was only a second offender and would not have been exposed to a life sentence.

Turning first to Petitioner's argument that the Magistrate Judge mistakenly concluded that Petitioner avoided exposure to a possible life sentence by entering the plea agreement, the Court

---

[80] *Id.*

[81] *Id.* at 8.

notes that the extent of Petitioner's criminal history is unclear from the record. The state court noted that under Louisiana's habitual offender law, if Petitioner had one prior conviction, he would have faced a minimum of two and one-half years imprisonment and a maximum of ten years imprisonment.[82] However, if Petitioner had more than one prior conviction he could have faced a sentence of life imprisonment without the possibility of parole.[83] Therefore, by entering the plea agreement, wherein the State agreed not to charge Petitioner as a multiple offender, Petitioner avoided exposure to a maximum ten year sentence under Louisiana's habitual offender law. This was a significant benefit considering that under the second degree battery statute in effect at the time of Petitioner's conviction, he faced a maximum of five years imprisonment.[84] Accordingly, while the Magistrate may have erred in stating that Petitioner avoided a possible life sentence, the determination that Petitioner received a significant benefit by entering the guilty plea was not error.

As for Petitioner's argument that counsel erroneously informed him that he would receive credit for time served when he was statutorily required to serve his sentence "day for day," the record does not reflect that counsel provided incorrect information regarding Petitioner's sentence. The trial court sentenced Petitioner to three years imprisonment to run consecutive to any sentence Petitioner was then serving, with credit for time served.[85]

However, even assuming that counsel performed deficiently by misinforming Petitioner regarding his sentence, Petitioner's claim fails under the actual prejudice prong. As noted above, under the actual prejudice prong of *Strickland* in the context of a guilty plea, Petitioner must

---

[82] State Rec., Vol. I of II, Order and Reasons at 2, October 14, 2013.

[83] *Id.*

[84] La. Rev. Stat. § 14:34.1 (2009).

[85] State Rec., Vol. I of II, Plea Transcript at 8, November 14, 2012.

establish that but for counsel's alleged error, he "would not have pleaded guilty but would have insisted upon going to trial.[86] In making this determination, the Court considers the likely result had Petitioner insisted on going to trial.[87] As discussed above, Petitioner would have faced a minimum term of two and one-half years imprisonment and maximum term of ten years imprisonment had he gone to trial. Petitioner received a three year prison sentence. Therefore, the record does not reflect that but for counsel's alleged misinformation regarding the sentence, Petitioner would have decided not to plead guilty and insist on going to trial. Accordingly, on de novo review, the Court finds that the state court's denial of relief on this claim was not contrary to or an unreasonable application of federal law.

## V. Conclusion

For the foregoing reasons, the Court finds that the state court's denial of relief on Petitioner's ineffective assistance of counsel claims was not contrary to or an unreasonable application of federal law. Therefore, the Court dismisses Petitioner's habeas corpus petition with prejudice.  Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Report and Recommendation issued by the Magistrate Judge and **DISMISSES** Petitioner's claims **WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA,** this  26th day of September, 2016.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[86] *Ward*, 420 F.3d at 487.

[87] *Id.*